EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

CLARE E. CONNORS    #7936
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Clare.Connors@usdoj.gov

BRIAN D. BAILEY
Trial Attorney
U.S. Department of Justice, Tax Division
950 Pennsylvania Avenue, N.W., Room 4132
Washington, D.C.  20530
Telephone:    (202) 514-8031
Facsimile:    (202) 514-9623
email:    Brian.D.Bailey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>FRED M. ORTIZ,          (04)<br><br>          Defendant. | CR. NO. 02-00133 ER<br><br>UNITED STATES' OPPOSITION TO DEFENDANT FRED M. ORTIZ'S MOTION FOR RELEASE ON BAIL PENDING APPEAL; CERTIFICATE OF SERVICE |

UNITED STATES' OPPOSITION TO DEFENDANT
<u>FRED M. ORTIZ'S MOTION FOR RELEASE ON BAIL PENDING APPEAL</u>

Comes now the United States of America, through its undersigned attorneys, and hereby files its Opposition to defendant Fred M. Ortiz's Motion for Release on Bail Pending Appeal ("Motion"), filed March 21, 2006.

Defendant Ortiz has failed to meet the burden set forth in 18 U.S.C. § 3143(b) to warrant bail pending appeal.  During the trial of his case, which began on May 4, 2005, and ended on May 13, 2005, this Court ruled in accordance with the law on all issues concerning the admissibility of evidence, jury instructions, and the defendant's purported "First Amendment defense."  Accordingly, the Court should deny the defendant's Motion because (1) he may pose a danger to the community and (2) the defendant fails to articulate a substantial issue on appeal likely to result in reversal, new trial, or sentence that does not involve incarceration.

I.    <u>BACKGROUND</u>

On May 13, 2005, a jury convicted the defendant of Count I of the Second Superseding Indictment, which charged the defendant with conspiring with Royal Lamar Hardy and others to defraud the United States by dishonest and deceitful means for the purpose of impeding, impairing, obstructing and defeating the lawful functions of the U.S. Department of Treasury, Internal Revenue Service, in the ascertainment, computation, assessment

and collection of income taxes.  The Court sentenced him on
August 29, 2005, to thirty-six (36) months in prison, which Ortiz
began to serve on October 11, 2005.  Ortiz filed a timely joint
notice of appeal on September 23, 2005.[1]

In his Motion, the defendant attaches as "Appendix A" a
copy of his Opening Brief, which was filed on March 2, 2006.  In
his Opening Brief, the defendant raises two issues: (1) this
Court erred in ruling that a first amendment free speech defense
instruction was not warranted by the evidence introduced at
trial; and (2) this Court erred in finding that the defendant's
proposed instruction to the jury that open advocacy of law does
not violate the "defraud" clause of 18 U.S.C. § 371, was also not
warranted by the evidence.  However, the Court's rulings as to
both of these proposed instructions were firmly based in the law
and therefore are not likely to be reversed upon appeal.

II.  <u>APPLICABLE LAW</u>

Under the Bail Reform Act of 1984, defendants must be
incarcerated pending appeal unless this court finds: (1) by clear
and convincing evidence that defendants are not a flight risk and
would not pose a danger to the community; (2) the appeal is not
taken for the purpose of delay; <u>and</u> (3) the appeal presents a
substantial question of law or fact which, if determined

---

[1]A convicted defendant may apply to the trial Court or judge
for bail pending appeal on date of appeal or anytime thereafter.
<u>Tyrell v. United States</u>, 191 F.2d 154 (9th Cir. 1951).

3

favorably to defendants, would be likely to result in a reversal, a new trial, or a sentence which does not include a term of imprisonment.  18 U.S.C. § 3143(b); <u>United States v. Handy</u>, 761 F.2d 1279, 1283 (9th Cir. 1985); <u>United States v. Mett</u>, 41 F.3d 1281 (9th Cir. 1995); <u>see</u> <u>United States v. Randell</u>, 761 F.2d 122, 125 (2d Cir. 1985) (a substantial question is "a 'close' question or one that very well could be decided the other way"); <u>see</u> <u>United States v. Smith</u>, 793 F.2d 85, 88 (3d Cir. 1986) ("substantial question" is "*significant* in addition to being novel, not governed by controlling precedent or fairly doubtful") (emphasis in original); <u>United States v. Greenberg</u>, 772 F.2d 340, 341 (7th Cir. 1985) ("In its particular statutory context, 'substantial' must . . . mean close; it must mean that the appeal could readily go either way, that it is a toss-up or nearly so"); <u>United States v. Powell</u>, 761 F.2d 1227, 1230-34 (8th Cir. 1985) ("It is not sufficient to show simply that reasonable judges could differ . . . or that the issue is fairly debatable or not frivolous.").

III. <u>DISCUSSION</u>

  A. <u>DANGER TO THE COMMUNITY</u>

   With respect to the element of danger the defendant poses to the community, it is true he has not been convicted of a violent crime.  However, the Ninth Circuit has held that "danger may, at least in some cases, encompass pecuniary or economic

harm."  United States v. Reynolds, 956 F.2d 192 (9th Cir. 1992)

(citing United States v. Provenzano, 605 F.2d 85, 95 (3rd Cir.

1979)).  The conspiracy for which the jury convicted the

defendant spanned a period of twenty years.  An overly

conservative estimate of intended loss of the conspiracy exceeded

$8.7 million from just thirty-five clients of The Research

Foundation, which is the organization through which the defendant

sold his "opinion letters."  The defendant's opinion letter,

which he knew (1) inaccurately represented the law and (2)

ascribed to well-known public figures beliefs that the public

figures did not condone, was marketed to thousands of taxpayers.

The defendant sold these opinion letters despite clear evidence

that his conduct was contrary to the laws of the United States.

    B.   SUBSTANTIAL QUESTION ON APPEAL

      As noted above, to obtain bail on appeal, the defendant

must also show the existence of a substantial question on appeal

likely to result in a reversal, new trial or a sentence not

involving incarceration.  A substantial question is one that is

"fairly debatable" or "fairly doubtful."  Handy, 761 F.2d at

1283.

      With respect to the defendant's claim that the Court

erred in providing the jury with a first amendment/free speech

instruction, the law is clear and the Court correctly applied the

legal precedent such that there is no substantial issue on appeal

likely to result in a reversal or new trial.  Similarly, the defendant's assertion that the Court should have instructed the jury that open advocacy of law does not violate the "defraud clause" does not present a close question and is not fairly debatable.  The evidence at trial demonstrated that the defendant did not advocate that the laws should be changed, rather, he produced documents setting forth an interpretation of the existing law that he, an individual well-versed in the tax laws, knew to be false.  Rather than open advocacy, the evidence demonstrated that the defendant had engaged in fraudulent activity for profit.

It the Ninth Circuit, "[t]he first amendment does not provide a defense to a criminal charge simply because the actor uses words to carry out his illegal purpose." <u>United States v. Kuball</u>, 976 F.2d 529, 531 (9th Cir. 1992)(internal citations omitted).  Accordingly, the Court's decision not to instruct the jury on the so-called "First Amendment defense" is well-steeped in the case law of the Ninth Circuit.  <u>Id.</u> ("The First Amendment does not protect those who go beyond mere advocacy and assist in the creation and operation of tax evasion schemes").

Moreover, the evidence at trial did not raise a First Amendment defense independent of the defendant's "good faith belief" defense.  The defendant both testified and argued to the jury that he lacked the requisite criminal intent because he had a good faith belief that the income tax laws were voluntary.  The

6

jury rejected the defendant's defense that he lacked the requisite criminal intent and found that the defendant's actions amounted to active participation in a criminal conspiracy. The Ninth Circuit has found that where conduct goes "far beyond advocacy" and amounts to participation in unlawful action, the defendant's first amendment rights are not violated. <u>United States v. Moran</u>, 759 F.2d 777, 785 (9th Cir. 1985)(internal citations omitted).

It is well established that "a trial judge is given substantial latitude in tailoring jury instructions as long as they fairly and adequately cover the issues presented." <u>U.S. v. Little</u> 753 F.2d 1420, 1432 (9th Cir. 1984). A decision not to include the instruction proffered by the defense is measured against <u>all</u> the instructions offered to the jury. <u>Id.</u> In this case, the defendant's conduct was prohibited by law, and therefore not protected. <u>Little</u>, 753 F.2d at 1434. As the Ninth Circuit has held, the law prohibits defendants from cloaking "their intentional misconduct under the protections of the first amendment." <u>Id.</u> As demonstrated by the record, the jury was adequately instructed on the defendant's purported "good faith" defense, and therefore the Court adequately accommodated the defendant's theory concerning the element of intent.

During trial, the jury heard substantial and sufficient

evidence of the defendant's formation of his purported belief. In addition to opinion letters, the jury heard the defendant's testimony.  <u>United States v. Mann</u>, 884 F.2d 532, 538 (10th Cir. 1989) (excluding tax protestor literature, explaining that "[b]ecause a good faith defense turns on the defendant's subjective belief, [defendant's] testimony regarding his views was more probative than publications representing the source or articulation of those beliefs").  The jury did not believe the defendant and convicted him accordingly.  Such a credibility determination is extremely unlikely to be reversed, particularly given the overwhelming evidence in this case.

IV.  <u>CONCLUSION</u>

        For the foregoing reasons, the Court should deny defendant Ortiz's Motion for Release on Bail Pending Appeal.

        DATED: March 29, 2006, at Honolulu, Hawaii.

                                EDWARD H. KUBO, JR.
                                United States Attorney
                                District of Hawaii


                                By  /s/ Clare E. Connors
                                    CLARE E. CONNORS
                                    Assistant U.S. Attorney
                                    District of Hawaii
                                    BRIAN D. BAILEY
                                    Trial Attorney, Tax Division
                                    Department of Justice

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on March 29, 2006, to the following person(s):

Barry D. Edwards, Esq.
1431 Alencastre Street
Honolulu, Hawaii  96816

Attorney for Defendant
FRED M. ORTIZ

**BY:  MAIL ( X )     HAND (  )**

U.S. Probation Office
Attn:  Mona Godinet
300 Ala Moana Blvd., Room C-110
Honolulu, Hawaii  96850

**BY:  MAIL (  )     HAND ( X )**

DATED:  March 29, 2006, Honolulu, Hawaii.

_/s/ Iris Tanaka_