FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 2 1 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 02-00133(4) ER |
| Plaintiff, | ) ) ) | ORDER DENYING BAIL ON APPEAL |
| vs. | ) ) | |
| ROYAL LAMARR HARDY, (1) URSULA A. SUPNET, (2) MICHAEL L. KAILING, (3) FRED M. ORTIZ, (4) TERRY LEROY CASSIDY, (5) | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendant Fred M. Ortiz ("Ortiz") moves the Court for release on bail pending appeal in accordance with 18 U.S.C. § 3143. Title 18 U.S.C. § 3143(b) requires that a court evaluate three factors in deciding a defendant's motion for bail pending appeal. A defendant must be detained pending appeal unless all three factors are met by clear and convincing evidence. 18 U.S.C. § 3143(b). First, a

defendant must satisfy the Court that "he is not likely to flee or pose a danger to the safety of any other person or the community if released" on bail. Id. Second, a defendant must demonstrate that the appeal is not for the purposes of delay. Id. And third, the appeal must "raise a substantial question of law or fact." Id.

Although the Ninth Circuit has held that a defendant posing a danger of pecuniary or economic harm to the community may be denied bail pending appeal, see United States v. Reynolds, 956 F.2d 192, 192 (9th Cir. 1992), the Court does not believe that Ortiz presents such a danger at this time. He was not a ringleader in The Research Foundation ("TRF") tax fraud conspiracy. His opinion letters were an important part of the conspiracy, but Ortiz does not appear to be inclined to engage in the same or similar conduct on his own. Moreover, he expressed remorse for his conduct at his sentencing, suggesting to the Court that he will not engage in such conduct again.

A "substantial question" is one that is "fairly debatable" or "fairly doubtful." United States v. Hardy, 761 F.2d 1279, 1283 (9th Cir. 1985). The burden is on a defendant to demonstrate the existence of such a question. Id. "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." Id. (citations omitted).

Ortiz fails to present a substantial question on appeal that would warrant bail pending appeal. The Ninth Circuit has held that the "First Amendment does not protect those who go beyond mere advocacy and assist in the creation and operation of tax evasion schemes." United States v. Kuball, 976 F.2d 529, 531 (9th Cir. 1992). Ortiz provided opinion letters to TRF clients in exchange for money. This goes far beyond mere advocacy, and thus, any argument that the refusal to give a First Amendment instruction or an "open

advocacy" instruction was error is frivolous. Furthermore, Ortiz relied on the same defense that he and his co-conspirators had sold to thousands of TRF clients, namely, that he had a "good faith" belief that the payment of federal income taxes was voluntary. The jury rejected this defense. No issues were raised at trial warranting a First Amendment Instruction or an open advocacy instruction.

Therefore, Ortiz's motion for bail pending appeal is DENIED.

Dated:

_____
EDWARD RAFEEDIE
Senior United States District Judge

3